UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRACY GARETTSON-AMANTI

                                           **COMPLAINT**

                Plaintiff,                    Civ. No. _____

v.

TIME WARNER CABLE, INC.

                Defendant.
_____

       Plaintiff TRACY GARETTSON-AMANTI, by her attorneys, CHIACCHIA & FLEMING, LLP (Christen Archer Pierrot, Esq., of Counsel), as and for her Complaint as against Defendant TIME WARNER CABLE, alleges the following upon direct knowledge and/or upon information and belief:

## JURISDICTION

       1.    This is an action arising as a result of Defendant's unlawful disclosure of Plaintiff's personally identifiable information, in violation of the Cable Communications Policy Act of 1934, as amended, *et seq.* 47 U.S.C. § 551.

       2.    Venue is proper in the Western District inasmuch as the acts complained of occurred here.

## PARTIES

       3.    At all times hereinafter mentioned, plaintiff TRACY GARETTSON-AMANTI (hereinafter "Plaintiff"), was and continues to be a resident of Western New York.

       4.    At all times hereinafter mentioned defendant TIME WARNER CABLE, INC. (hereinafter "TWC") was and continues to be a foreign business corporation duly organized and

existing under the laws of the State of Delaware and registered to do business in New York State.

5. At all times relevant, Plaintiff resided at 93 Iris Avenue, West Seneca, New York 14224.

6. At all times relevant, Plaintiff possessed an order of protection as against her ex-husband due to his harassing and abusive behavior.

7. At all times relevant, Plaintiff's ex-husband did not know where Plaintiff lived.

8. On or about August 1, 2011, Plaintiff's ex-husband, a male, called TWC and held himself out as being Plaintiff, a female. Plaintiff's ex-husband fabricated a story wherein he falsely claimed that he was Tracy Garettson and that since his move, his cable services did not transfer, and that he needed to know the address that TWC turned the services on at.

9. After some obvious hesitation, TWC disclosed Plaintiff's home address to Plaintiff's ex-husband, whom she continued to have an order of protection against.

10. Immediately thereafter, the TWC representative called Plaintiff to inform her that her privacy might have been compromised. Specifically, the Representative asked if Plaintiff had just called TWC regarding the address on her account. The TWC representative admitted disclosing Plaintiff's home address and allowed Plaintiff to listen to the recorded conversation between TWC and Plaintiff's ex-husband.

### FIRST CAUSE OF ACTION
### AGAINST THE DEFENDANT, PLAINTIFF ALLEGES AS FOLLOWS:
BREACH OF CABLE COMMUNICATIONS POLICY ACT

11. Plaintiff repeats and incorporates each allegation contained in paragraphs "1" through "10" as if set forth fully herein.

12. Defendant had both a contractual and statutory duty not to divulge Plaintiff's personally identifiable information.

13. Plaintiff did not give TWC written or electronic consent to divulge her personally identifiable information to anyone.

14. It was not necessary for TWC to disclose Plaintiff's personally identifiable information in order to render, or conduct a legitimate business related to the services that TWC provides to Plaintiff.

15. TWC's disclosure of Plaintiff's personally identifiable information was not required by law.

16. TWC failed to take such actions as necessary to prevent unauthorized access to Plaintiff's personally identifiable information by a person other than Plaintiff or TWC, including failing to note Plaintiff's gender on her account; failing to contact Plaintiff at her designated contact number before releasing such information over the phone; and/or failing to investigate the caller's claims regarding service and address changes before releasing such information.

17. TWC's disclosure of Plaintiff's personally identifiable information served no legitimate or rationale purpose and only served to harm and prejudice Plaintiff.

18. Defendant's disclosure of Plaintiff's personally identifiable information caused Plaintiff to suffer severe emotional distress out of fears and concern for the safety and welfare of her children and herself.

19. TWC's disclosure of Plaintiff's personally identifiable information violated the Cable Communications Policy Act of 1934, as amended, to wit, 47 U.S.C. §551(c)(1).

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST DEFENDANT, PLAINTIFF ALLEGES AS FOLLOWS:

BREACH OF CONTRACT

20. Plaintiff repeats and incorporates each allegation contained in paragraphs "1" through "19" as if set forth fully herein.

21. TWC's disclosure of Plaintiff's personally identifiable information to Plaintiff's ex-husband violates its contractual obligations as set forth in the Subscriber's Privacy Notice it issued to Plaintiff upon providing her services.

**WHEREFORE**, plaintiff TRACY GARETTSON-AMANTI, prays for Judgment as against Defendant TIME WARNER CABLE, for the following relief:

    a. An award of liquidated damages as against Defendant on each Cause of Action and in an amount to be determined by the Court, together with interest thereon;

    b. An award of punitive damages as against Defendant on each Cause of Action, and in an amount to be determined by the Court, together with interest thereon;

    c. An award of costs;

    d. An award of attorneys' fees;

    e. Any additional and further relief this Court deems just and proper.

Dated: Hamburg, New York
       August 29, 2012

Christen Archer Pierrot, Esq.
**CHIACCHIA & FLEMING, LLP**
Attorneys for Plaintiff
5113 South Park Avenue
Hamburg, New York 14075
Telephone: (716) 648-3030
E-Mail: cap@cf-legal.com